UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAIMON ELZEY,

                Plaintiff,

        v.

MONROE COUNTY, MONROE COUNTY
SHERIFF, TODD BAXTER, MONROE
COUNTY SHERIFF MEMBER DOES 1-
20,

                Defendants.
_____

**DECISION AND ORDER**

6:24-CV-06319 EAW

## INTRODUCTION

Plaintiff Daimon Elzey ("Plaintiff") filed this action asserting claims under 42 U.S.C. § 1983 and state law. (Dkt. 1). Pending before the Court is a motion to dismiss or, in the alternative, for summary judgment filed by defendants Todd Baxter, Monroe County, and Monroe County Sheriff (collectively, "Defendants").[1] (Dkt. 18). For the reasons below, summary judgment is granted dismissing Plaintiff's § 1983 claims for failure to exhaust administrative remedies. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims, and thus to the extent Defendants seek dismissal of those claims, the motion is denied as moot.

---

[1] It is unclear whether Defendants are also moving to dismiss the claims as asserted against Monroe County Sheriff Member Does 1-20. But what is clear is that those defendants have never been served and the time to effectuate service has long since expired. Moreover, the failure to exhaust defense is equally applicable to these defendants. Accordingly, the Court also dismisses the claims against the Monroe County Sheriff Member Does 1-20.

## BACKGROUND

Plaintiff commenced this action through counsel by the filing of a complaint on May 17, 2024. (Dkt. 1). In that complaint, he alleges that on or about February 22, 2023, while housed at the Monroe County Jail, he was assaulted by other inmates and sustained serious injuries, including a broken jaw.[2] (*Id.* at ¶¶ 14-15). Plaintiff alleges that Defendants failed to intervene to prevent the assault, despite their knowledge and notice of the risk to Plaintiff, and that they were deliberately indifferent to his medical care. (*Id.* at ¶¶ 14, 16). Plaintiff asserts claims under § 1983 in the first through fourth causes of action, including claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id.* at ¶¶ 24-64). Plaintiff also asserts state-law claims for negligence (fifth cause of action), "respondeat superior"[3] (sixth cause of action), and assault (seventh cause of action). (*Id.* at ¶¶ 65-79).

Although initially represented by counsel, Plaintiff is now proceeding *pro se*. (*See* Dkt. 13; Dkt. 15). Defendants filed the pending motion on October 8, 2024 (Dkt. 18), and despite the issuance of a scheduling order expressly advising Plaintiff of the need to respond and the ramifications of failing to do so (Dkt. 19), he never responded. In fact, Plaintiff has taken no action here since becoming *pro se*.

---

[2]  Defendants have presented evidence that Plaintiff suffered a broken jaw during an accident at a basketball game on March 14, 2023. (Dkt. 18-7 at 2; Dkt. 18-8 at 2; Dkt.18-9 at ¶¶ 4-6). The Court need not and does not resolve this discrepancy on this motion.

[3]  Plaintiff confusingly asserts this claim against the "City of New York." (Dkt. 1 at 13).

## **DISCUSSION**

I.   **The Federal Claims—Defendants' Motion for Summary Judgment**

Defendants have sought summary judgment on the "narrow issue of exhaustion."[4] (Dkt. 18-16 at 14). Defendants contend that because Plaintiff failed to exhaust administrative remedies, he may not pursue any of the federal claims asserted under § 1983.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find for that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the

---

[4]   Defendants ask the Court to convert their motion to one for summary judgment (Dkt. 18-16 at 15), but there is no need—Defendants expressly moved for summary judgment and complied with the various procedural requirements for seeking the same.

moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).  The non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358.  Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

To satisfy the PLRA's exhaustion requirement, a plaintiff must demonstrate the "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Thus, "[t]he exhaustion inquiry . . . requires that [the court] look at the state prison procedures and the prisoner's

- 4 -

grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009).

"Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). That said, "[f]ailure to exhaust administrative remedies is an affirmative defense . . . and when raised as a basis for summary judgment, the defendant 'bears the initial burden of establishing, by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute.'" *Deleon v. Ayers*, No. 16-CV-6848L, 2023 WL 171889, at *2 (W.D.N.Y. Jan. 12, 2023) (quoting *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015)).

In Monroe County Jail, proper exhaustion entails going through a three-step appeal procedure. (Dkt. 18-13 at 16-17); *see Scott v. Cambisi*, No. 20-CV-6388MWP, 2024 WL 867102, at *5 (W.D.N.Y. Feb. 29, 2024); *Hill v. Curcione*, 657 F.3d 116, 124-25 (2d Cir. 2011). This procedure provides that an inmate must file a grievance within five days of the "act or occurrence giving rise to [their] complaint." (Dkt. 18-13 at 16); *Scott*, 2024 WL 867102, at *5; *Hill*, 657 F.3d at 124. If an inmate is not satisfied with the decision from the grievance officer, they may appeal it to the Chief Administrative Officer within two days of receipt of the grievance officer's decision. (Dkt. 18-13 at 17); *Scott*, 2024 WL 867102, at *5; *Hill*, 657 F.3d at 124. "If [the inmate is] not satisfied with the Chief Administrative Officer's decision, [the inmate] may appeal it to [the Citizens' Policy and Complaint Review Council]." (Dkt. 18-13 at 17); *Scott*, 2024 WL 867102, at *5; *Hill*, 657 F.3d at 124-25.

Plaintiff alleges that the assault supporting his claims took place on or about February 22, 2023. (Dkt. 1 at ¶ 14). In support of their motion, Defendants have submitted the declaration of Sergeant Carolyn Derousie ("Sergeant Derousie"). (Dkt. 18-6). Sergeant Derousie states that she currently is the "Grievance Coordinator for the Monroe County Jail" which involves "supervising the grievance process and procedures for the Monroe County Sheriff's Office." (*Id.* at ¶ 3). Sergeant Derousie has "access to records regarding inmate grievances and inmate files." (*Id.* at ¶ 5). Sergeant Derousie states that "Plaintiff has not filed a Grievance or Internal Communication form related to any incident that occurred on or about February 22, 2023." (*Id.* at ¶ 14). Further, Sergeant Derousie contends that "Plaintiff did not file a Grievance while he was held at Monroe County Jail from December 27, 2022[,] to April 27, 2023." (*Id.* at ¶ 15).

Because Defendants have met their burden to show that Plaintiff failed to exhaust administrative remedies, and Plaintiff has come forward with no evidence disputing this fact, the Court concludes that summary judgment is mandated for Defendants on the federal claims because Plaintiff did not exhaust his administrative remedies under the PLRA.[5]

---

[5] Generally, a dismissal for failure to exhaust under the PLRA is dismissed without prejudice, particularly when the dismissal is based on a curable, procedural flaw. But because Plaintiff has long since been transferred from Monroe County Jail and can no longer cure his defect, the Court dismisses Plaintiff's federal claims with prejudice. *See Hernandez v. Doe 1-7*, 416 F. Supp. 3d 163, 166 (E.D.N.Y. 2018) ("Where an inmate can no longer exhaust administrative remedies because he has been transferred, however, and had ample opportunity to exhaust prior to being transferred, but failed to do so, dismissal with prejudice is proper.").

**II.     The State-Law Claims—Defendants' Motion to Dismiss**

Defendants seek dismissal of Plaintiff's state-law claims on various grounds, including because Plaintiff failed to file a timely notice of claim. But because the federal claims have been dismissed, this Court must first decide whether to exercise supplemental jurisdiction over the remaining state-law claims.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court may decline to exercise supplemental jurisdiction over a claim under many circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction[.]" *Id.* § 1367(c)(3). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (internal citations and quotation marks omitted); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50, n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Given the early stage of the proceedings, the fact that the remaining causes of action involve quintessential areas of state law such as negligence and assault (and the alleged failure to comply with state notice requirements before asserting the claims), and the fact

that Plaintiff is *pro se* and has failed to respond to the pending motion (or otherwise prosecute this matter), the Court concludes that it is appropriate to decline to exercise supplemental jurisdiction. Accordingly, Plaintiff's remaining state-law claims as asserted in the fifth, sixth, and seventh causes of action are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over those claims, and Defendants' motion to dismiss those claims is denied as moot.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is granted in favor of all defendants on the federal claims asserted pursuant to 42 U.S.C. § 1983 for failure to exhaust administrative remedies. Those claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims and therefore, those claims are dismissed without prejudice and Defendants' motion to dismiss the state-law claims is denied as moot. The Clerk of Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED: July 8, 2025
            Rochester, New York